# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

vs.

GIAVANNA HOMEOWNERS ASSOCIATION et al.,

    Defendants.

Case No. 2:15-cv-01992-LDG-CWH

**ORDER**

Presently before the Court is Plaintiff Nationstar Mortgage, LLC's Motion for Order Enlarging Time for Service of Process (ECF No. 6), filed on April 5, 2016.

**I.    BACKGROUND**

This dispute arises out of a non-judicial foreclosure sale held by a homeowners' association. Plaintiff represents that under Nevada Revised Statutes § 38.310, which requires pre-litigation mediation or arbitration of certain claims relating to the interpretation, application, or enforcement of homeowners associations' covenants, conditions, and restrictions, Plaintiff submitted an ADR claim to the Nevada Real Estate Division on September 16, 2015. (Mot. for Order Enlarging Time for Service of Process (ECF No. 6) ["Mot."] at 2.) Given its concern regarding the statute of limitations as to certain of its claims, Plaintiff also filed this case on October 15, 2016. (*Id.*; Compl. (ECF No. 1).)   Plaintiff represents that given the submission of the ADR claim, Plaintiff did not immediately take action regarding service of process in this case. (Mot. at 2.) Plaintiff further represents that it inadvertently failed to calendar the service deadline due to a disruption in counsel's normal process of calendaring deadlines. (*Id.*) The disruption was occasioned by the fact that counsel encountered problems with the electronic payment of the filing fee and had to manually file the complaint in the clerk's office. (*Id.*) Plaintiff did not realize it had missed the February 12, 2016, service deadline until it received the Court's notice of intent to dismiss the case under Federal Rule of Civil Procedure 4(m). (*Id.* at 3; Notice (ECF No. 5).)

Plaintiff now requests an additional 30 days to serve Defendants Giavanna Homeowners Association and SFR Investments Pool 1, LLC, arguing that good cause exists to extend time for service given that it was attempting to complete the ADR process with the Nevada Real Estate Division and that it inadvertently failed to calendar the deadline. Plaintiff further argues that Defendants are on notice of Plaintiff's claims that the HOA sale was void given the ADR process and therefore will not be prejudiced by the extension. Finally, Plaintiff argues it will suffer extreme prejudice if the extension is not granted given that two of its claims may be barred by the applicable statutes of limitations.

## II.     ANALYSIS

Federal Rule of Civil Procedure 4(m)[1] establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 120-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

---

[1] Effective December 1, 2015, Rule 4(m) of the Federal Rules of Civil Procedure was amended to reduce the presumptive time for serving a defendant from 120 to 90 days. Given that the complaint in this case was filed on October 15, 2015, the Court is applying the 120-day rule.

Here, given Plaintiff's representations that Defendants are on actual notice of Plaintiff's claims due to the ADR process, that Defendants will not be prejudiced by the 30-day extension, and that Plaintiff would be severely prejudiced if its motion is denied, the Court finds that Plaintiff has established good cause for extending the time to serve Defendants. The Court therefore will grant Plaintiff's request for an additional 30 days from the date of this order to serve Defendants.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Nationstar Mortgage, LLC's Motion for Order Enlarging Time for Service of Process (ECF No. 6) is GRANTED, making the service deadline May 12, 2016.

DATED: April 12, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**