MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email:  melanie.morgan@akerman.com
         tenesa.scaturro@akerman.com

*Attorneys for plaintiff and counter-defendant Nationstar Mortgage LLC and cross-defendant Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GIAVANNA HOMEOWNERS ASSOCIATION; and SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>    Defendants. | Case No.:   2:15-cv-01992-LDG-CWH<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART NATIONSTAR MORTGAGE LLC'S EMERGENCY MOTION FOR PROTECTION FROM ITS 30(b)(6) DEPOSITION AND MOTION FOR SANCTIONS [ECF NO. 59]** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>    Counter/Cross Claimant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; BANK OF AMERICA, N.A., a national association; JONI MCGRIFF HOWARD, an individual; and KENYON HOWARD, an individual,<br><br>    Counter/Cross Defendants. | |

{40243065;1}

| | |
|---|---|
| GIAVANNA HOMEOWNERS ASSOCIATION, | |
| Third-Party Plaintiff, | |
| v. | |
| NEVADA ASSOCIATION SERVICES, INC., | |
| Third-Party Defendant. | |

Plaintiff and counter-defendant Nationstar Mortgage LLC's emergency motion for protection from its Rule 30(b)(6) deposition and motion for sanctions, ECF No. 59, came on for hearing on November 30, 2016, at 9:00 a.m. Natalie Winslow appeared for Nationstar and Diana Cline Ebron appeared for defendant, counter- and cross-claimant SFR Investments Pool 1, LLC. After reviewing the parties' briefing, noting Nationstar's motions present identical issues to a motion CitiMortgage, Inc. filed in *CitiMortgage, Inc. v. Mission Hills Homeowners Ass'n,* Case No. 2:16-cv-374-JCM-CWH, and hearing from counsel, the Court finds as follows:

1. SFR's topic 1 requests testimony on:

   Your knowledge of the events and circumstances of the proceedings leading up to and including the Association foreclosure sale, including Your knowledge/notice of the foreclosure proceedings (from the Association or otherwise) and all communications about the Association lien/foreclosure/Borrowers' delinquency with Your agents, the Borrowers, the Association, NAS and/or internally.

This topic should be limited to testimony regarding Nationstar and its predecessor's efforts to tender the super-priority portion of Giavanna Homeowner Association's lien.

2. SFR's topic 2 requests testimony on:

   Your standing—currently and at the time of the Association foreclosure sale—to enforce the First Deed of Trust/underlying promissory note and the transaction(s) through which You obtained your interest in the First Deed of Trust/underlying promissory note.

This topic should be limited to testimony regarding Nationstar's interest in the First Deed of Trust.

3. SFR's topic 3 requests testimony on :

   All actions You allege You took before the Association foreclosure sale to protect Your interest in the Property as it relates to the Association's lien including written agreement(s) with the Borrowers, communications with the Borrowers, communications with the Association/NAS, attendance at the sale, any payments made to the Association/NAS and civil/administrative actions challenging the Association's lien.

This topic should be protected because it is redundant of SFR's deposition topic 1.

4. SFR's topic 4 requests testimony on:

> The foreclosure proceedings related to the first deed of trust.

This topic should be protected because it is not proportional to the needs of the case.

5. SFR's topic 5 requests testimony on:

> Your policies and procedures for processing and maintaining documents and communications related to the Association lien/foreclosure received via mail, email, from counsel, or any other means. This topic is limited to practices and procedures that were/are applicable to the Property from origination to present.

This topic should be protected because it is not proportional to the needs of this case.

6. SFR's topic 6 requests testimony on:

> Your policies and procedures applicable to the Property for handling association liens from the time the Association recorded its notice of default to the date of the Association foreclosure sale.

This topic should be protected because it is not proportional to the needs of the case.

7. SFR's topic 7 requests testimony on:

> Your knowledge and understanding of the transaction(s) through which any other entity besides You, currently claims or claimed at the time of the Association foreclosure sale, an interest in the First Deed of Trust/underlying promissory note.

This topic should be limited to testimony regarding the identity of the beneficiary of the First Deed of Trust at the time Giavanna Homeowners Association foreclosed, the identity of the current beneficiary of the First Deed of Trust, the identity of any other entities who may have an interest in the First Deed of Trust, and the nature of any interest held by any other entities who have an interest in the First Deed of Trust.

8. SFR's topic 8 requests testimony on:

> Any action(s) You took to notify third parties, including SFR, of pre-sale dispute between You and the Association and/or NAS.

This topic should be protected because it is not proportional to the needs of this case.

///

///

///

{40243065;1}  3

9. Nationstar requested the Court enter an order confirming Nationstar's witness may testify in-person in Dallas, Texas or via video conference. The Court finds a video conference deposition is appropriate. SFR may travel to the witness's location if it desires to take a deposition in-person, but Nationstar's witness should not be required to travel to Las Vegas.

10. The Court finds Nationstar had substantial justification for filing its motion. Neither party should be awarded attorneys' fees or costs in connection with Nationstar's motion.

NOW, THEREFORE, IT IS ORDERED as follows:

1. Nationstar's emergency motion for protection from its 30(b)(6) deposition and motion for sanctions, ECF No. 59, is GRANTED IN PART and DENIED IN PART.

2. SFR's topic 1 is limited to testimony regarding Nationstar and its predecessor's efforts to tender the super-priority portion of Giavanna Homeowner Association's lien.

3. SFR's topic 2 is limited to testimony regarding Nationstar's interest in the First Deed of Trust.

4. SFR's topics 3, 4, 5, 6, and 8 are protected and stricken from SFR's deposition notice.

5. SFR's topic 7 is limited to testimony regarding the identity of the beneficiary of the First Deed of Trust at the time Giavanna Homeowners Association foreclosed, the identity of the current beneficiary of the First Deed of Trust, the identity of any other entities who may have an interest in the First Deed of Trust, and the nature of any interest held by any other entities who have an interest in the First Deed of Trust.

6. Nationstar's witness need not travel to Las Vegas to attend a Rule 30(b)(6) deposition. SFR may either travel to the witness's location or conduct the deposition by video conference.

///
///
///
///
///
///

{40243065;1}                                    4

1   7. Neither Nationstar nor SFR are awarded attorneys' fees or costs.

2   SO ORDERED, this the  1st  of  March        , 2017.

_____
The Honorable Carl W. Hoffman
United States Magistrate Judge

**SUBMITTED BY**:

*/s/ Tenesa S. Scaturro, Esq.*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 635-5000
Facsimile: (702) 380-8572

*Attorneys for plaintiff and counter-defendant*
*Nationstar Mortgage LLC and cross-defendant*
*Bank of America, N.A.*

**APPROVED AS TO FORM**:

This the 28th day of February, 2017.

*/s/ Diana Cline Ebron, Esq.*
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

*Attorneys for defendant, counterclaimant and*
*cross-claimant SFR Investments Pool 1, LLC*

{40243065;1}                                5

**CERTIFICATE OF SERVICE**

I certify on the 28th day of February, 2017, pursuant to Federal Rule of Civil Procedure 5, I filed and served a true and correct copy of the foregoing [**PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART NATIONSTAR MORTGAGE LLC'S EMERGENCY MOTION FOR PROTECTION FROM ITS 30(b)(6) DEPOSITION AND MOTION FOR SANCTIONS [ECF NO. 59]** via the Court's CM/ECF system on the following:

Edward D. Boyack, Esq.
Colli McKiever, Esq.
BOYACK ORME & TAYLOR
401 N. Buffalo Drive #202
Las Vegas, Nevada 89145

*Attorney for Giavanna Homeowners Association*

Diana Cline Ebron, Esq.
Jacqueline A. Gilbert, Esq.
Karen L. Hanks, Esq.
Howard C. Kim
Trella N. McLean
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139

*Attorneys for SFR Investments Pool 1, LLC*

/s/ *Nick Mangels*
An employee of AKERMAN LLP

{40243065;1}                                     6