# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, Plaintiff, v. GIAVANNA HOMEOWNERS ASSOCIATION, *et al*., Defendants. And Related Cross-Claims and Counterclaims. | Case No. 2:15-cv-01992-LDG (CWH) **ORDER** |

Defendant Giavanna Homeowners Association filed a Motion for Summary Judgment (ECF No. 74). The parties stipulated to extend the time to oppose the motion (ECF No. 77), which stipulation the Court granted (ECF No. 79). In part, the extension was granted to allow a single response to the HOA's motion and an anticipated motion for summary judgment to be filed by defendant SFR Investments Pool 1, LLC. SFR Investments subsequently filed a motion for partial summary judgment (ECF No. 81), that it captioned as "regarding a pure issue of law: Application of the return doctrine post-Bourne

Valley." The matter was fully briefed, though (given the nature of the motion) the opposition did not address the HOA's motion.

The Court subsequently granted (ECF No. 92) plaintiff Nationstar Mortgage LLC's Motion to Amend Complaint (ECF No. 36). The parties entered into a stipulation (ECF No. 100) permitting Nationstar and cross-defendant Bank of America, N.A. (BANA), leave to withdraw and refile their then-pending motion for summary judgment. The parties noted, in part, the filing of the amended complaint. The Court granted that stipulation (ECF No. 108).

The parties further stipulated to extend the deadline for Nationstar and BANA to file their motion (ECF No. 105), which the Court granted (ECF No. 107). The parties noted, in part, the pending Objection to Magistrate Judge's Order (ECF No. 90) filed by SFR Investments.

On June 9, 2017, the parties filed a stipulation to stay this matter pending final resolution of a petition for writ of certiorari to the United States Supreme Court (ECF No. 111). The Court granted that stay on June 16, 2017. A review of the Supreme Court's docket reveals that certiorari was denied on June 26, 2017.

Nationstar and BANA filed their motion for summary judgment on August 8, 2017 (ECF No. 115). No oppositions have been filed as of this date. However, SFR Investments moved to strike (ECF No. 116), arguing that the stay in this matter had not been lifted. SFR Investments further moved to continue the stay (ECF No. 117) pending a ruling by the Nevada Supreme Court on a certified question.

<u>Motion to Strike & Motion to Stay</u>

This Court stayed this matter "pending final resolution of the Bourne Valley certiorari proceeding before the United States Supreme Court." The certiorari proceeding was finally resolved on June 26, 2017. Accordingly, the stay of proceedings in this matter was automatically lifted on that date. As neither party notified the Court that the

proceedings had terminated, the Court's docket was not modified to reflect that the matter was no longer stayed. Accordingly, the Court will deny the motion to strike.

The Court will not impose a new stay on this matter pending the Nevada Supreme Court's ruling on a question that has been certified to it.

In light of these rulings, the Court will extend the date by which oppositions must be filed to Nationstar's and BANA's motion for summary judgment.

Objections to Magistrate Judge's Order

SFR Investments filed its objection to Magistrate Judge's Order in the alternative to its motion that the Magistrate Judge reconsider his order. That is, SFR Investments presented the identical argument to this Court as it did to the Magistrate Judge. Magistrate Judge Hoffman denied the motion for reconsideration without prejudice, noting that it was unclear "exactly how SFR requests that the court change each of its rulings." The Magistrate Judge granted SFR Investments leave to re-file its motion to correct the noted deficiencies. SFR Investments did not re-file its motion. Accordingly, the Court will deny SFR Investments' objection.

Motion for Partial Summary Judgment

In its motion for partial summary judgment, SFR Investments asks this Court to determine that, subsequent to the Ninth Circuit's holding in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.,* 832 F.3d 1154, 1156 (9th Cir. 2016) that "Nevada Revised Statutes section 116.3116's "opt-in" notice scheme facially violated mortgage lenders' constitutional due process rights, §116.3116's "notice scheme" should be returned to its 1991 version. SFR Investments relies upon what it terms the "Return Doctrine:" that "if a statutory amendment is deemed unconstitutional, then the statute 'returns' to its pre-amendment version." Points and Authorities, p.6, ll.3-4 (ECF No. 81). In support, SFR Investments cites *We the People Nevada v. Miller*, 124 Nev. 874, 889 (2008) for the proposition that,

3

"when a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."

In *We the People*, the Nevada Supreme Court went on to note that "[b]ecause we have declared the current version of NRS 295.056(3) unconstitutional, the former version of that provision remains in effect." In its holding, the Ninth Circuit stated that "§116.3116 'opt-in' notice scheme facially violated mortgage lenders' constitutional due process rights." *Bourne Valley*, 832 F.3d at 1160. The Ninth Circuit did not expressly identify any specific provision of §116.3116 in its holding. However, in its opinion, the appellate court referenced §116.31163(2), as it requires "notice of default and election to sell be mailed to 'any holder of a security interest encumbering the unit's owner's interest who has notified the association, 30 days before the recordation of the notice of default, of the security interest.'" The court further referenced §116.311635.[1] As then enacted, §116.311635(2)(b) required the mailing of the notice of time and place of the sale to "[t]he holder of a recorded security interest or the purchaser of the unit, if either of them has notified the association, before the mailing of the notice of sale, of the existence of the security interest, lease or contract of sale, as applicable." AB 612, 1993 Nevada Statutes, Ch. 573, §7(2)(b).

SFR Investments does not, however, ask that the Court determine that the former versions of §§116.31163(2) and .31165(2)(b) remain in effect. It does not even ask the Court to more generally find that the former versions of §§116.31163 and .311635 remain in effect. This is unsurprising, as there are no prior versions of either provision. Rather, SFR Investments asks the Court to revive a "notice scheme" that is contained in a different provision within §116.3116 (specifically §116.311638) because §116.311638 was also amended in the same statute that enacted §§116.31163 and .311635. In effect, SFR

---

[1] *Bourne Valley* contains what appears to be an obvious typographical error, as it cites to §116.31165 (which does not exist) rather than §116.311635 (which contained an "opt-in" notice provision).

Investments asks the Court to find that, because the Ninth Circuit's held in *Bourne Valley* holding that §116.31163(2) and §116.311635(2)(b) are facially unconstitutional, the Ninth Circuit implicitly determined that §116.31168, as enacted at the time of the foreclosure sale, was also unconstitutional. The Court will not do so. As the Ninth Circuit did not hold that §116.31168 is unconstitutional, the Court will not "revive" the 1991 version of that provision.

HOA's Motion for Summary Judgment

Finally, given that the Court permitted Nationstar to amend its complaint, and given that the Court has extended the briefing schedule for Nationstar and BANA's motion for summary judgment, and given that the HOA's motion for summary judgment has never been fully briefed, the Court will deny that motion without prejudice, but with leave to renew the motion.

ACCORDINGLY,

THE COURT **ORDERS** that Defendant Giavanna Homeowners Association's Motion for Summary Judgment (ECF No. 74) is DENIED without prejudice as moot. Defendant Giavanna Homeowners Association may, at its discretion, renew its motion by re-filing it or filing a new motion for summary judgment. If Defendant Giavanna Homeowners Association elects to renew its motion, it must do so not later than fourteen days after the date this Order is signed.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1, LLC's Motion for Partial Summary Judgment (ECF No. 81) is DENIED.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1, LLC's Objections (ECF No. 90) are DENIED.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1, LLC's Motion to Stay Litigation (ECF No. 117) is DENIED.

THE COURT FURTHER **ORDERS** that SFR Investments Pool 1, LLC's Motion to Strike (ECF No. 116) is DENIED.

THE COURT FURTHER **ORDERS** that the time for filing points and authorities in response to the Motion for Partial Summary Judgment (ECF No. 115) is EXTENDED as follows: Points and Authorities must be filed in response to the Motion for Partial Summary Judgment not later than 21 days after the date this Order is signed.

DATED this 25 day of September, 2017.

Lloyd D. George
United States District Judge